IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER PIERCE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-05-670-F |
| RAY ROBERTS and PHIL KLINE, | ) ) ) |
| Respondents. | ) ) |

## **REPORT AND RECOMMENDATION CONCERNING DISMISSAL**

In this habeas action, a Kansas prisoner challenges a Kansas conviction. According to the petition, his only known connection to Oklahoma was that he was once housed in Pittsburg County, which is in the Eastern District of Oklahoma.[1] The Court should summarily dismiss the action based on a lack of jurisdiction.

---

[1] *See* 28 U.S.C. § 116(b) (2000).

The Petitioner has filed two prior habeas actions in this Court.[2] In one, he challenged the same conviction at issue here. There the Court dismissed the action because it had been filed in the wrong district.[3] In another habeas proceeding, the Petitioner challenged an

---

[2]   Mr. Pierce has filed numerous other habeas petitions in the District of Kansas with respect to the same conviction at issue here. Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Nelson*, Case No. 98-3360-DES (D. Kan. Nov. 6, 1998); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Nelson*, Case No. 00-3240-DES (D. Kan. June 29, 2000); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Nelson*, Case No. 00-3408-DES (D. Kan. Oct. 31, 2000); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Nelson*, Case No. 01-3108-DES (D. Kan. Mar. 20, 2001); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Nelson*, Case No. 01-3250-DES (D. Kan. June 21, 2001); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Nelson*, Case No. 01-3346-DES (D. Kan. Aug. 20, 2001); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Nelson*, Case No. 01-3378-DES (D. Kan. Sept. 17, 2001); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Nelson*, Case No. 01-3447-DES (D. Kan. Nov. 15, 2001); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Simmons*, Case No. 02-3066-DES (D. Kan. Mar. 14, 2002); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Simmons*, Case No. 02-3166-DES (D. Kan. June 21, 2002); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Roberts*, Case No. 03-3385-SAC (D. Kan. Sept. 29, 2003); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Pierce v. Roberts*, Case No. 04-3244-SAC (D. Kan. Aug. 4, 2004); Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, *Pierce v. Roberts*, Case No. 05-3146-SAC (D. Kan. Mar. 25, 2005); Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, *Pierce v. Roberts*, Case No. 05-3234-SAC (D. Kan. May 23, 2005); Petition for a Writ of Habeas Corpus by a Person Attacking a State Detainer, *Pierce v. Roberts*, Case No. 05-3250-SAC (D. Kan. June 6, 2005). Mr. Pierce's repetitious filings have led the Tenth Circuit Court of Appeals to disallow the filing of a second or successive habeas petition in connection with the Kansas conviction and to prevent further pursuit of the claims in that court until he has paid the filing fee of $250.00. *Pierce v. Stovall*, Case No. 01-3113 (10th Cir. June 7, 2001) (unpublished order) (prohibition against the filing of a second or successive habeas petition); *Pierce v. Roberts*, Case No. 04-3386 (10th Cir. Oct. 22, 2004) (requiring Mr. Pierce to pay the $250.00 or to show cause why he should be allowed to proceed).

[3]   *Pierce v. Mullin*, Case No. CIV-02-945-F (W.D. Okla. July 30, 2002) (unpublished report and recommendation by United States Magistrate Judge Bana Roberts), *adopted* (W.D. Okla. Sept. 6, 2002) (unpublished order by United States District Judge Stephen Friot).

Alabama conviction. Again the Court dismissed the action because it had been filed in the wrong district.[4]

The Court must have jurisdiction over the custodian.[5] The present habeas petition, like Mr. Pierce's two others in this district, lacks any apparent connection to the Western District of Oklahoma. Mr. Pierce was not convicted here and his custodian is not subject to this Court's jurisdiction.[6] Thus, the Court should dismiss Mr. Pierce's habeas petition, as it had done in the two prior actions. Unable to obtain relief in the District of Kansas after numerous efforts, Mr. Pierce has attempted to obtain better results here. But this Court lacks jurisdiction and should dismiss the action.[7]

---

[4] *Pierce v. Vanlandingham*, Case No. CIV-04-1174-F (W.D. Okla. Sept. 28, 2004) (unpublished report and recommendation by United States Magistrate Judge Gary Purcell), *adopted* (W.D. Okla. Nov. 3, 2004) (unpublished order by United States District Judge Stephen Friot).

[5] *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973).

[6] *See Rumsfeld v. Padilla*, __ U.S. __, 124 S. Ct. 2711, 2723 (2004) ("In habeas challenges to *present* physical confinement, . . ., the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent." (emphasis in original)).

[7] This Court has the authority to transfer the action rather than to dismiss it. *See* 28 U.S.C. § 1631 (2000). But transfer to the District of Kansas would be futile. As discussed above, Mr. Pierce has filed numerous habeas petitions in that court with respect to the same conviction. *See supra* note 2. Thus, the District of Kansas has repeatedly transferred habeas proceedings to the Tenth Circuit Court of Appeals. *Pierce v. Nelson*, Case No. 01-3108-DES (D. Kan. Apr. 9, 2001); *Pierce v. Nelson*, Case No. 01-3250-DES (D. Kan. July 27, 2001); *Pierce v. Nelson*, Case No. 01-3378-DES (D. Kan. Dec. 14, 2001); *Pierce v. Nelson*, Case No. 01-3447-DES (D. Kan. Feb. 7, 2002); *Pierce v. Simmons*, Case No. 02-3066-DES (D. Kan. Apr. 12, 2002); *Pierce v. Simmons*, Case No. 02-3166-DES (D. Kan. July 26, 2002); *Pierce v. Roberts*, Case No. 03-3385-SAC (D. Kan. Dec. 2, 2003); *Pierce v. Roberts*, Case No. 04-3244-SAC (D. Kan. Oct. 4, 2004); *Pierce v. Roberts*, Case No. 05-3146-SAC (D. Kan. Apr. 12, 2005). In turn, the Tenth Circuit Court of Appeals has refused to entertain any filings by Mr. Pierce until he pays a $250.00 sanction previously assessed. *See supra* note 2.

The Petitioner is advised of his right to object to this report and recommendation by July 19, 2005.[8] If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma.[9] The Petitioner is further advised that if he does not timely object, he would waive his right to review by the Tenth Circuit Court of Appeals.[10]

The referral to the undersigned has been terminated.

Entered this 29th day of June, 2005.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[8]    *See* W.D. Okla. Local Civil Rule 72.1(a).

[9]    *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).

[10]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).